(115 So. 457)

No. 27642.

**CELOTEX CO. v. LOUISIANA TAX COMMISSION et al.**

Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

Taxation 〰8—Patent rights are not subject to state taxation as property, franchises, or privileges.

Patent rights are not subject to state taxation, either as property or as franchises or privileges.

Appeal from Twenty-Fourth Judicial District Court, Parish of Jefferson; L. Robert Rivarde, Judge.

Suit by the Celotex Company against the Louisiana Tax Commission and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Percy Saint, Atty. Gen., and John E. Fleury, Dist. Atty., of Gretna, and M. M. Irwin, of New Orleans, for appellants.

Borah, Himel, Bloch & Borah, of Franklin, for appellee.

BRUNOT, J. This is a suit against the Louisiana tax commission, the police jury of the parish of Jefferson, the board of equalization, and the assessor and sheriff of said parish. The plaintiff opposes and seeks to set aside the listing and assessment for the purposes of taxation of certain patent rights and trade-marks.

The pleas upon which the suit is based, are, first, that the states are prohibited from assessing franchises, patent rights, or grants by the United States government, and, in the alternative, that the patent rights sought to be listed and assessed to plaintiff never belonged to plaintiff, were never physically within the state, and are the property of an entirely different foreign corporation.

The case was submitted in the district court on an agreed statement of facts, and a judgment was rendered by that court in favor of the plaintiff and against the defendants, canceling and annulling the listing and assessment complained of. From this judgment the defendants appealed, and, by written agreement filed herein, appellants submit the cause for our consideration upon the record, without argument or the filing of a brief.

We quote the following from 20 R. C. L. pp. 1182, 1183:

"While the earlier cases left some doubt upon the point, the decisions now very generally concede that there is a manifest distinction between the right of property in a patent and the right to sell the property resulting from an invention or patent, and, when the fruit of an invention is attempted to be sold or used within the jurisdiction of a state, it is subject to its laws like other property. * * *

"Congress never intended that the patent laws should displace the police powers of the state meaning by that term those powers by which the health, good order, peace and general welfare of the community are promoted. Whatever rights are secured to inventors must be enjoyed in subordination to this general au-

thority of the state over all property within its limits. A state, however, has no power to pass a law which directly affects the validity of a patent right conferred by the federal government pursuant to its constitutional grant of authority. Accordingly, state laws are invalid which purport to tax patents, either as property or as franchises or privileges," etc.

The courts have so often held that a patent right is not subject to state taxation, either as property, or as a franchise or privilege, that we need only to cite a few of the leading authorities. In People ex rel. Edison Electric Illum. Co. v. Brooklyn Bd. of Assessors, 156 N. Y. 417, 51 N. E. 269, 42 L. R. A. 290, the question was whether under the taxing power of the state patent rights may be assessed for purposes of taxation. In that case the court said:

"The result of our present examination leads to the conclusion that while the question has not been heretofore considered by this court, it cannot, after all, be said to be an open one; for it was long ago asserted by the Supreme Court of the United States that patent rights were not taxable by the states, and the doctrine has been recognized so often since that it must be fairly regarded as settled in that court. * * * The argument in support of the doctrine may be briefly stated as follows: The Constitution of the United States (art. 1, § 8, subd. 8) conferred upon Congress the power to 'promote the progress of science and useful arts by securing for limited times, to authors and inventors, the exclusive right to their respective writings and discoveries.'

"In pursuance of this power, Congress enacted that patents should be issued to inventors, which should secure to them for a limited term the 'exclusive right to make, use, and vend the invention or discovery throughout the United States and the territories thereof.' U. S. Rev. Stat. § 4884 [35 USCA § 40]. Patent rights are, therefore, granted under the Federal Constitution, and necessarily for the promotion of federal purposes. Grant v. Raymond, 6 Pet. 218, 241, 8 L. Ed. 376, 384; Ames v. Howard, 1 Sumn. 482 [Fed. Cas. No. 326]; Blanchard v. Sprague, 3 Sumn. 535 [Fed. Cas. No. 1518]. The federal purpose is primarily to stimulate genius, talent, and enterprise by holding out that encouragement which patents give, but ultimately to secure to the whole community the great advantages that flow from the free communication of secrets, processes, and machinery.

"The next step is, that patent rights being created under the Federal Constitution and laws for a federal purpose, the states are without the right to interfere with them. The right to tax a federal agency constitutes a right to interfere with, to obstruct, and even to destroy the agency itself, for, conceding the right of the state to tax at all, then it may tax to the point of destruction. This doctrine is elaborately discussed by Chief Justice Marshall in the United States Bank Case (McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579), wherein the court decides that Congress has power to incorporate the bank as a federal agency, and that having done so, the state cannot tax the bank upon its circulation. * * * In the course of his opinion, Chief Justice Marshall said: 'If the states may tax one instrument employed by the government in the execution of its powers, they may tax any and every other instrument. They may tax the mail; they may tax the mint; they may tax patent rights; they may tax the papers of the custom house; they may tax judicial process; they may tax all the means employed by the government, to an excess which would defeat all the ends of government.' "

In the case of California v. Central R. R. Co., 127 U. S. p. 1, 8 S. Ct. 1073, 32 L. Ed. 151, the court said:

"Assuming, then, that the Central Pacific Railroad Company has received the important franchises referred to by grant of the United States, the question arises whether they are legitimate subjects of taxation by the state. They were granted to the company for national purposes and to subserve national ends. It seems very clear that the state of California can neither take them away, nor destroy nor abridge them, nor cripple them by onerous burdens. Can it tax them? It may undoubtedly tax outside visible property of the company, situated within the state. That is a different thing. But may it tax franchises which are the grant of the United States? In our judgment, it cannot. * * * Recollecting the fundamental principle that the Constitution, laws and treaties of the United States are the supreme law of the land, it seems to us almost absurd to contend that a power given to a person or corporation by the United States may be subjected to taxation by a state," etc.

In the case of Williams v. City of Talladega, 226 U. S. 404, 33 S. Ct. 116, 57 L. Ed. 275, the court cites McCulloch v. Maryland, 4

Wheat. 316, 4 L. Ed. 579, and the California case from which we have just quoted, supra, as authority for the doctrine announced in those cases.

From 26 R. C. L. p. 104, we quote the following:

"It is well settled that a state has no power to tax patent rights since such rights are created for federal purposes under the Constitution and laws of the United States. A patented article may, however, be taxed as tangible personal property at its full market value, although its value is enhanced by reason of the patent."

2 Cooley on Taxation, p. 1308, § 618, says:

"It is not competent for the states to tax the incorporeal rights which the laws of the United States confer upon authors and inventors. Were it possible to exert the taxing power against patents and copyrights the purposes of the national Constitution might easily be defeated."

In 37 Cyc. p. 881, the doctrine is stated as follows:

"The states have no power to impose any taxes on franchises granted to corporations by the laws of the United States. So also the exclusive rights or privileges granted by letters patent of the United States for inventions or discoveries are exempt from all taxation by the states," etc.

All of the issues in this case were disposed of in the trial court by an agreement which appears in the record, except the alleged right of the state to assess to plaintiff, for the purposes of taxation, certain letters patent granted by the United States to Dahlberg & Co., a nonresident corporation, and under which plaintiff is operating as a licensee thereof. This question is disposed of by the authorities from which we have just quoted, supra, and, as these authorities hold that a state has no power to tax patent rights, since such rights are created for federal purposes under the Constitution and laws of the United States, we need not consider the plaintiff's alternative plea.

For these reasons, the judgment appealed from is affirmed.